## UNITED STATES v. INTERNATIONAL MERCANTILE MARINE CO.

(Circuit Court of Appeals, Second Circuit. June 15, 1909.)

### No. 261.

ALIENS (§ 57*)—IMMIGRATION STATUTE—HEAD TAX—LIABILITY OF SHIPOWNER. Immigration Act Feb. 20, 1907, c. 1134, § 1, 34 Stat. 898 (U. S. Comp. St. Supp. 1907, p. 389), imposing a head tax on immigrants, which shall be a debt against the owner of the vessel bringing such alien into the United States, does not render such owner liable for the tax upon an alien seaman who deserted after reaching this country, in the absence of any evidence that the officers of the vessel had reason to suppose that the seaman made the voyage with the intention of so gaining admission, or that such intention in fact existed.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 57.*]

In Error to the District Court of the United States for the Southern District of New York.

Henry A. Wise, U. S. Atty., and Henry L. Stimson, U. S. Atty. (Francis W. Bird, Sp. Asst. U. S. Atty., of counsel).

Robinson, Biddle & Benedict (H. S. Hertwig and Wm. S. Montgomery, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The complaint expressly avers that the alien whose head tax is sought to be charged against the defendant's steamship, was a member of the said ship's crew, being signed upon the articles of said ship, and that upon arrival he deserted and entered the United States. The decision in Taylor v. U. S., 207 U. S. 120, 28 Sup. Ct. 53, 52 L. Ed. 130, seems controlling authority for the proposition that section 1 of the act of February 20, 1907 (chapter 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1907, p. 389]), "does not apply to sailors carried to an American port with a bona fide intent to take them out again when the ship goes on, when not only there was no ground for supposing that they were making the voyage a pretext to get here, desert and get in, but there is no evidence that they were doing so in fact." There is nothing in the complaint to suggest that his shipment was such a pretext, or that this is other than the "ordinary case of a sailor deserting while on shore leave."

The judgment sustaining demurrer is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes